David M. Schlachter, Esq.
LAW OFFICES OF DAVID M. SCHLACHTER, LLC
8 Carefree Lane
Suffern, NY 10901
(212) 257-2190
Davids@lawdms.com – DS1694
Attorneys for Plaintiffs

14 CV 1886

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
HELEN C. GOLDMAN AND GARY
GOLDMAN,

                               **Docket No.**

          Plaintiffs,

                               **COMPLAINT**

NATIONSTAR MORTGAGE, LLC., and   **Jury Trial Requested**
LEHMAN BROTHERS BANK, FSB,
LEHMAN BROTHERS,
         Defendants.
-------------------------------------------------------

Plaintiffs, GARY GOLDMAN and HELEN GOLDMAN (hereinafter combined as "Plaintiff"), by their undersigned counsel, DAVID M. SCHLACHTER, ESQ. of LAW OFFICES OF DAVID M. SCHLACHTER, LLC, for their Complaint alleges, upon personal knowledge as to himself and his own acts and upon information and belief as to all other matters, as follows:

### NATURE OF ACTION

1.     This matter is an Action for Quiet Title, fraud, wrongful action, wrongful indebtedness and conversion of real property, wrongful collection on a mortgage, slander of title, slander of credit, unjust enrichment and other rights and remedies against Defendants, who have fraudulently asserted possessory interests in the debt obligations securing the Plaintiff's real property, induced the Plaintiff to rely on the fraudulent assertions, induced Plaintiff to pay their mortgage debt obligations to parties who have no cognizable claim to those debts, induced Plaintiff to sign Loan terms against Plaintiff's best interests, have subjected Plaintiff to

fraudulent debt obligations while remaining liable for legitimate debt obligations securing their real property, and unjustly enriching the Defendants as a direct consequence of the Defendants' fraudulent assertions.

2. Plaintiff is an individual who resides at 6476 Bellevue Drive, Conyers, State of Georgia.

3. Upon information and belief, Defendant NATIONSTAR MORTGAGE, LLC ("Nationstar") is a bank and/or servicer with its principal office located at 350 Highland Drive, Lewisville, State of Texas 75067.

4. Upon information and belief, Defendant LEHMAN BROTHERS BANK, FSB, is a bank or investment firm with its principal office located at 501 George Bush Freeway, Richardson, Texas 75080 which is a currently defunct subsidiary of Lehman Brothers which is in Chapter 11 Bankruptcy and is currently located at 745 7th Avenue, New York, State of New York 10019.

5. The crux of the cause of action derives from the actions taken by Defendants who do not both have proper ownership of the Note and Mortgage on the subject property and yet still used the Court system in Georgia to wrongfully foreclose and obtain the title to the property.

## JURISDICTION AND VENUE

6. Plaintiff brings this matter to the United States District Court based upon 28 U.S.C. Sec. 1332, based on diversity jurisdiction as the Defendants are incorporated and their principal places of business are in different States from Plaintiffs' domicile and the amount in dispute exceeds $75,000. Venue is proper because Defendant Nationstar does business in this State and Defendant Lehman Brother's main corporate office is in this Jurisdiction.

## CLAIMS

7. On or about March 4, 2004, Plaintiff Helen C. Goldman did execute a Note and Mortgage the subject property of 64746 Bellevue Avenue, Conyers, State of Georgia for the amount of $302,950 to Aegis Wholesale Corporation ("Lender").

8. In order to provide the financing, the Lender overinflated the value of the property.

9. The loan gave an initial interest of 5.125% adjustable.

10. This was fixed interest only for five years, until March 2009's payment.

11. The reason Lender provided this was because Plaintiff's income did not support a principal and interest loan.

12. Lender knew or should have known this and still provided this lending product to Plaintiff; Lender did no income verification, it only asked for an application to be filled out and a credit score report.

13. The adjustment after March 2009 was based on the volatile LIBOR index, which can change often.

14. The adjustment in the Note was to be 2.250% higher than the current LIBOR index, and the result of that addition would be rounded to the nearest 0.125% until the next change date.

15. The Truth in Lending Disclosure Statement did not accurately reflect the amortization schedule and schedule of payments based on this volatile index.

16. Lender never informed Plaintiffs of the frequency and amount the payments would adjust.

17. The Note does not allow the interest rate to fall below 2.25% but could climb as high as 11.125%.

18. Since the adjustment was based on LIBOR and it allowed such a high rate, the rate would violate Federal Regulation by increasing higher than 5% of the United States Treasury Yield at the time.

19. The Note attached a Prepayment Rider that issued a penalty for prepaying the mortgage within three years.

20. This means that as Plaintiffs wanted to refinance out of this bad loan in the first three years they were unable to without hitting a significant penalty.

21. The prepayment charge was six months' worth of interest.

22. Neither the Note nor the Riders are indorsed to anyone.

23. The mortgage is allegedly assigned, per a document, dated October 11, 2012.

24. The assignment is from Mortgage Electronic Registration Systems ("MERS") as alleged nominee for Lender to Nationstar Mortgage, LLC.

25. No consideration is alleged to have changed hands.

26. At some point Aurora Loan Servicing was servicing the servicer.

27. No notice was ever given to Plaintiffs that Nationstar took over the ownership and/or servicing of the underlying Note and Mortgage.

28. Upon information belief, Lender was no longer in existence at the time of the assignment.

29. By an undated Allonge, Lender endorsed the Note to Defendant Lehman Brother Bank, FSB.

30. This Allonge was made out despite plenty of room on the Note itself for endorsement, under the Borrower's signature.

31. There is no existing endorsement or Allonge granting rights from Lender to Nationstar.

32. There is no existing assignment assigning rights to the Mortgage to Lehman Brothers.

33. The Note and Mortgage are owned by two separate entities in contravention to business practice and Untied States case law.

34. The Mortgage contained a prepayment penalty clause.

35. The Note and Mortgage are governed by a Pooling and Servicing Agreement.

36. That Agreement states how the Note and Mortgage can be transferred.

## COUNT ONE – Wrongful Collection Practice

37. Plaintiff re-alleges all allegations made thus far.

38. The Note is claimed to be owned by Lehman Brothers.

39. The Mortgage is claimed to be owned by Nationstar.

40. The ownership of the Mortgage follows the Note.

41. They must be owned by the same party.

42. Defendant Lehman Brothers Bank, FSB is no longer in existence.

43. Furthermore, Defendants knew or should have known that the Note violates Fair Debt Collection Practice by its terms.

44. The Pooling and Servicing Agreement governs transfer of the Note and Mortgage.

45. The Note was not transferred in compliance with the Pooling and Servicing Agreement clauses.

46. Therefore, Defendant Nationstar has no rights to enforce collection on the Note or the Mortgage.

Wherefore, Plaintiff seeks an Order of judgment for damages, punitive damages, against Defendant for the wrongful collection and wrongful prosecution of a foreclosure action, and for other such relief as this Court seems proper.

## COUNT TWO – Quiet Title

47. Plaintiff re-alleges all allegations made thus far.

48. The Note was assigned to an entity, not Nationstar.

49. The Mortgage and Adjustable Rate Note are being held by different entities.

50. The issue of possession and holder in due course is surrounded by the suspicion of fraud.

51. Title, thus, never transferred to Defendant.

Wherefore, Plaintiff seeks an Order of Judgment for damages, punitive damages, and special damages against Defendant and an injunctive Order of Quiet Title of the Note and Mortgage, and other such relief as the Court deems proper.

## COUNT THREE – FRAUD

52. Plaintiff re-alleges all allegations made thus far.

53. Defendant Nationstar knew or should have known it does not possess true, legal title to the collection on the subject mortgage.

54. Defendant Nationstar continued to send notices to collect from Plaintiff anyway.

55. When Plaintiff stopped paying the mortgage Defendant Nationstar or a servicer for Nationstar called Plaintiff several times a day.

56. Defendant Nationstar or its servicer sent letters to Plaintiff to try to induce Plaintiff to pay money to it.

57. Defendant violated the Fair Debt Collection Practice Act by these actions.

Wherefore, Plaintiff seeks an Order of judgment for damages, punitive damages, against Defendant for the wrongful collection practices, harassment, and fraudulent inducement, and other such relief as this Court deems proper.

## COUNT FOUR – WRONGFUL INDEBTEDNESS

58. Plaintiff re-alleges all allegations made thus far.

59. The mortgage contained a prepayment penalty.

60. This prepayment penalty clause was not negotiated between the parties, it was unilaterally inserted by Lender.

61. Defendant has upheld that prepayment penalty refusing to allow payoff without extra charges.

62. This has caused thousands of dollars in loss to Plaintiffs.

63. Defendant violated the Fair Debt Collection Practice Act by these actions.

Wherefore, Plaintiff seeks an Order of judgment for damages, punitive damages, against Defendant for the wrongful collection practices, harassment, and fraudulent inducement, and other such relief as this Court deems proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment:

a) Quieting title against Defendants;

b) Returning possession of the property to Plaintiff;

c) Expunging the debt obligations and instruments asserted by Defendants against Plaintiff's subject property from the record;

d) Granting damages to Plaintiff for Defendants' fraud;

e) Granting damages to Plaintiffs for Defendants unjust enrichment;

f) Granting punitive damages for the conduct and fraud;

g) Granting attorney's fees to Plaintiff;

h) Other relief that this Court deems proper.

## DEMAND FOR A TRIAL BY JURY

Plaintiff demands a trial by jury.

Dated: New York, New York
January 29, 2014

By _____
David M. Schlachter, Esq.
LAW OFFICES OF
DAVID M. SCHLACHTER, LLC
8 Carefree Lane
Suffern, NY 10901
(212) 257-2190
DS1694
Davids@lawdms.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------
HELEN C. GOLDMAN AND GARY
GOLDMAN,

                                       **Docket No.**

        Plaintiffs,

NATIONSTAR MORTGAGE, LLC., and
LEHMAN BROTHERS BANK, FSB,
LEHMAN BROTHERS,

        Defendants.
-------------------------------------------------

## SUMMONS / COMPLAINT

This certifies under the Fed. R. Civ. P. that this pleading is not made frivolously under law and it is only made in good faith.

                                      David M. Schlachter, Esq.
                                      LAW OFFICES OF DAVID M.
                                      SCHLACHTER, LLC
                                      DS - 1694
                                      579 Main Avenue
                                      Passaic, New Jersey 07055
                                      (212) 257-2190 phone
                                      (973) 272-4167 fax
                                      davids@lawdms.com
                                      Attorneys for Plaintiffs